**JARRITOS, INC., Plaintiff—Appellant,**

v.

**Dolores REYES; Francisco Reyes, doing business as Los Jarritos; Los Jarritos, Defendants—Appellees.**

**No. 07–16083.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2008.

Filed Aug. 14, 2009.

216

Christine Lebron–Dykerman, Esquire, Mckee, Voorhees & Sease, P.L.C., Des Moines, IA, Lauren E. Powe, Esquire, San Francisco, CA, for Plaintiff–Appellant.

Roy S. Gordet, Esquire, Daly City, CA, Robert J. Romero Esquire, Paul E. Vallone, Esquire, Hinshaw & Culbertson, San Francisco, CA, for Defendants–Appellees.

Before: TASHIMA and BERZON, Circuit Judges, and TIMLIN,* District Judge.

## MEMORANDUM **

Plaintiff Jarritos, Inc. ("Jarritos") appeals the district court's grant of summary judgment to the Defendant, Los Jarritos Restaurant ("The Restaurant") on Jarritos' trademark infringement claims. We apply an abuse of discretion standard to our review of evidentiary rulings made in the context of summary judgment, *American Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir.2003), and to the imposition of discovery sanctions, *see Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir.2004). We review the district court's grant of summary judgment *de novo*, drawing reasonable inferences in favor of Jarritos, the non-moving party. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir.2005). Applying these standards, we conclude that the district court did not abuse its discretion in imposing discovery

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sanctions but did err in its evidentiary rulings and its analysis of the likelihood of consumer confusion. We therefore reverse.

## I. Discovery Sanctions

█ The district court acted within its discretion in excluding Jarritos' late-filed expert reports. Rule 26 requires parties to disclose the identity of any expert witness "accompanied by a written report" detailing the opinions the expert will express and the data on which he or she will rely, "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2). Rule 37(c) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). Because Rule 37(c) "is a recognized broadening of the sanctioning power," this court gives "particularly wide latitude to the district court's discretion to issue sanctions" under the rule. *Id.*

The district court ordered the parties to disclose expert witnesses by January 17, 2007. By the terms of Rule 26(a)(2)(B), this order also established January 17 as the deadline for expert reports. On January 17, Jarritos sent the Restaurant a letter disclosing its experts and the subjects of their testimony, but did not produce any accompanying reports; reports were not produced until between two and twenty-eight days later. Rule 37(c) provides that late reports are admissible under two exceptions, harmlessness and substantial justification. Fed R. Civ. P. 37(c)(1). With the exception of the report submitted by Kenneth Germain, the district court found that Jarritos had not satisfied either exception, but it did admit portions of the otherwise excluded reports as rebuttal.

The district court properly concluded that Jarritos' failure to produce expert reports in a timely manner was not harmless.[1] The court noted that the pre-trial conference and trial date were both set in the same order that established the January 17 deadline. Because the deadlines for disclosing experts and conducting expert discovery had passed, the court would have had to reopen discovery and extend the period for submitting rebuttal reports to avoid prejudice to the Restaurant. When the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, we have held that "[d]isruption to the schedule of the court and other parties is not harmless," *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir.2005), even if, as here, "the ultimate trial date was still some months away." *Id.* Moreover, while the expert reports may be central to Jarritos' case and their exclusion highly prejudicial, discovery sanctions can be appropriate even where they preclude "a litigant's entire cause of action or defense." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir.2001)). We therefore cannot say the court abused its discretion in excluding Jarritos' expert reports.

## II. Evidentiary Rulings

The district court erred by excluding photocopies of a yellow pages advertisement for the Restaurant depicting the three-jug logo and an article from *Jane*

---

1. Jarritos does not appeal the district court's finding that the delay was not substantially justified.

magazine purportedly demonstrating the strength of Jarritos' mark.[2]

In ruling on a summary judgment motion, a trial court can consider only admissible evidence. *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988) (citing Fed.R.Civ.P. 56(e)). "Authentication is a 'condition precedent to admissibility.'" *Orr v. Bank of America NT & SA,* 285 F.3d 764, 773 (9th Cir.2002) (citing Fed.R.Evid. 901(a)). The authentication requirement is satisfied when "the trial judge determines that there is *prima facie* evidence of genuineness," that is, "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* at 773 & n. 6.

■ A. The district court excluded a page from the Valley Yellow Pages phone directory on the grounds that Jarritos' counsel's declaration failed to describe the basis for his personal knowledge of the document. Evidence may be authenticated by examining its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed.R.Evid. 901(b)(4). Valley Yellow Pages has unique typesetting and layout that would be difficult to forge. Deposition testimony from Vicente Reyes and Valley Yellow Pages representative Christina Lopez confirms that Valley Yellow Pages carried an advertisement for the Restaurant. Together with the distinctive characteristics of the document itself, this circumstantial evidence is sufficient to establish that the submitted document is an unaltered page from the Valley Yellow Pages phonebook.

■ B. The district court sustained the Restaurant's objection to an exhibit that Jarritos characterized as an "article" from *Jane* Magazine mentioning Jarritos soda and featuring pictures of bottles of Jarritos soda.[3] "Printed materials purporting to be newspapers or periodicals" are self-authenticating. Fed.R.Evid. 902(6); *Orloff v. Cleland,* 708 F.2d 372, 378 n. 6 (9th Cir.1983). It was therefore error to exclude the *Jane* Magazine excerpt for lack of authentication and foundation.

## III. Likelihood of Confusion

Liability for trademark infringement attaches when a person uses, "in connection with any goods or services . . . any word, term, name, symbol, or device . . . which is likely to cause confusion . . . as to the origin, sponsorship, or approval," of the goods or services. 15 U.S.C. § 1125(a)(1). Likelihood of confusion is a question of fact. *Thane Int'l. v. Trek Bicycle Corp.,* 305 F.3d 894, 901 (9th Cir.2002). Summary judgment is therefore appropriate only if there is no genuine issue of material fact with respect to the likelihood of confusion, drawing all reasonable inferences in the nonmovant's favor, a conclusion reviewed de novo. *Dreamwerks Prod. Group v. SKG Studio,* 142 F.3d 1127,

**2.** Jarritos also appeals the district court's exclusion of a photocopy of a photograph of the Restaurant's sign. We would reverse the grant of summary judgment regardless of the admissibility of the disputed photograph. For that reason, and because Jarritos could authenticate the photograph or its contents at trial, we find it unnecessary to decide whether the court abused its discretion in excluding the photocopied photograph from the summary judgment proceedings.

**3.** The document consists of a simple listing of single products under the heading "Inspiration Board-the stuff we love right now." The court's order rejecting admission of the document states: "The purported article is not attached," indicating that the district court may not have understood that the page submitted by Jarritos was the purported "article" it sought to introduce. Whether the page from the magazine is properly termed an "article" is irrelevant to its admissibility.

1129–30 & n. 3 (9th Cir.1998). "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Brother Records, Inc. v. Jardine,* 318 F.3d 900, 903 (9th Cir.2003) (citations omitted).

 Among the factors identified in *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir.1979) to guide the likelihood-of-confusion analysis, similarity of the marks is a "critical question." *GoTo.com, Inc. v. Walt Disney,* 202 F.3d 1199, 1205 (9th Cir.2000). The district court erred in concluding that, considering the other words on the Restaurant's sign and possibly different colors used for the logo, the court "cannot say the two marks are similar". The Restaurant had conceded the similarity of the marks (and acknowledged that concession in the argument before us), so the court erred by treating similarity as a disputed issue. In any event, as the Restaurant's concession indicated, a reasonable jury could certainly find the marks similar, given the similarity in name and logo; similarity, not identity, is required for this Sleekcraft factor. *See Entrepreneur Media, Inc. v. Smith,* 279 F.3d 1135, 1144–45 (9th Cir.2002) (a reasonable juror looking at the covers of the publications "Entrepreneur" and "Entrepreneur Illustrated" could find the titles similar despite the use of different colors and font styles).

The district court also erred in its analysis of the relatedness of Jarritos' and the Restaurant's goods and services. The proximity or relatedness of the parties' goods matters "because the more closely related the goods are, the more likely consumers will be confused by similar marks." *Id.* at 1147. In considering whether goods are related, we look to whether the goods are complementary, whether they are of-

fered to similar customers, and whether they are similar in use and function. *Sleekcraft,* 599 F.2d at 350. The record indicates that Jarritos sodas were sold at the Restaurant, so it is clear that the parties' "products are sold to the same class of purchasers." *Id. See E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1291 (9th Cir.1992) ("wine and cheese are complementary products, frequently served and promoted together"). As the court was obligated to draw inferences in favor of Jarritos, the nonmoving party, it was error to conclude that the relatedness factor did not weigh against summary judgment.

The district court also erred in concluding that Jarritos "does not point to any evidence to demonstrate the strength of its mark." Jarritos produced the cover of a magazine entitled "Mexico's Greatest Brands" that prominently portrayed Jarritos's logo on the cover. The *Jane* Magazine excerpt also suggests public recognition of the brand.

We need not analyze the remaining *Sleekcraft* factors because we hold that Jarritos presented, at a minimum, triable issues of fact with respect to similarity, relatedness and strength of the mark. The court therefore erred in concluding that "the evidence before the Court could not lead a rational trier of fact to find for Plaintiff on the issue of likelihood of confusion." Accordingly, we reverse the grant of summary judgment and remand to the district court for further proceedings.[4]

**REVERSED.**

---

4. At oral argument, the parties informed this

court that the sign with Jarritos' three-jug

logo is no longer displayed at the Restaurant. It appears that the parties had not so informed the district court. When asked whether that change mooted the case, Jarritos noted that the complaint pleads for damages as well as injunctive relief. We note that voluntary cessation does not necessarily moot requests for injunctive relief, *see Polo Fashions Inc. v. Dick Bruhn Inc.*, 793 F.2d 1132, 1135–36 (9th Cir.1986) and that the issue would remain whether the use of the Jarritos name alone creates a sufficient likelihood of confusion to merit injunctive relief. Nonetheless, particularly in light of the lack of availability of statutory damages, *see* 15 U.S.C.A. § 1117(c) and (d) (statutory damages limited to cases involving counterfeit marks or cyber-piracy), the purported change in circumstance may alter the critical issues before the district court from what they were initially.

